EDWARD CLAXON, APPELLANT, v. NATHAN H. HART, RESPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

Defendant, by written contract, agreed to pay certain brokers a commission on the sale of certain corporate stock, provided the negotiations for such sale, then pending, were completed by a certain date, and that the offer stood good until the specified date, but if it was not accepted by that date, then was null and void.   In a suit by the assignee of the broker to recover commissions on the sale, there was testimony that no agreement for the sale of the stock was reached until about a month later than the date named in the agreement, and that the stock was transferred to the purchaser five months after the date specified.   Under the recited evidence, the court charged that there could be no recovery for services rendered by the brokers in endeavoring to sell the stock, or for selling it, after the date named in the agreement, unless the jury found from the evidence that the brokers made the particular sale, even if the time limit had been waived, which charge accurately stated the law of the case.

On appeal from the Supreme Court.

For the appellant, *Perkins & Drewen.*

For the respondent, *William A. Dolan (Lewis Van Blarcom* and *Joseph Coult,* of counsel).

The opinion of the court was delivered by

KALISCH, J.   The plaintiff's action was based on a claim for commissions alleged to have been earned by Edward A. Ashdown, trading as E. A. Ashdown & Company, for consummating a sale of certain stock held by the defendant, namely, one hundred and ninety-eight shares of the common stock and seventy-five shares of the preferred stock of the Hart & Iliff Company, and seventy shares of the common stock of the L. S. Iliff Company, to the Hart & Iliff Company, for $114,000, under two written contracts of even date, between E. A. Ashdown and the defendant.   The latter assigned his claim to the present plaintiff.

The transfer of the stock to the Hart & Iliff Company took place on May 1st, 1924.   At the time when the two written contracts were entered into between Ashdown and the defendant, on November 5th, 1923, there were negotiations pending between the Hart & Iliff Company, and L. S. Iliff & Company, E. A. Ashdown & Company, and the defendant for the sale of the latter's stock in the two companies. The two companies were engaged in the same line of business, carried on in the same town in active competition with each other.   Ashdown was a public accountant and had been employed to audit the books of the L. S. Iliff Company and the Hart & Iliff Company, for which services Ashdown was paid.   While engaged in this work, the defendant made the two contracts in writing, as stated, wherein he agreed to pay E. A. Ashdown & Company seven per cent. of the sales price of the stock, provided the negotiations which were then pending were completed by December 1st, 1923.   The essential parts of the agreement read: "This offer is made in anticipation of an agreement being reached between the Hart & Iliff Company and the L. S. Iliff Company, negotiations for which agreements are now pending.

"This offer stands good until December 1st, 1923, and if not accepted by that date then to be null and void."

There was testimony that no agreement was reached between the companies until January 9th or 15th, 1924, and that the defendant transferred his stock in pursuance of such agreement to the Hart & Iliff companies on or about May 1st, 1924. There is an utter absence of any proof that Ashdown negotiated the sale of the stock before the 1st day of December, 1923. Nor was there any proof of a waiver by the defendant of the time limit set in the contract.

The first ground relied on for a reversal is that the court erred in charging the jury: "There can be no recovery for services rendered in endeavoring to sell this stock, or for selling this stock after December 1st, if the time limit was not waived by the defendant, or unless you find from the evidence that Mr. Ashdown or Ashdown & Company made this particular sale. Because if the sale was not negotiated through him, even though the time limit was waived, there can be no recovery. He must be the party who negotiated the sale of the stock in order to get the commission."

In what respect this statement was inaccurate in law has not been made plain to us. The trial judge clearly and accurately stated the true legal principle applicable to the facts.

The second ground alleged as error is that the court said: "As I understand the testimony, Mr. Ashdown was not present when the sale was made or when it was consummated and did not know about it at the time." This was pure comment upon the testimony and was in accordance with it. Moreover, there was no exception taken to this part of the charge and therefore it is not properly reviewable.

The other three grounds urged for reversal are of equally as unsubstantial character as those already considered, and, therefore, comment thereon becomes unnecessary.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, McGLENNON, HETFIELD, JJ. 13.

*For reversal*—None.